## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 29 2018, 7:20 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika Prekopa Talbot
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Corey Roberts,
*Appellant-Defendant,*

*v.*

State of Indiana,
*Appellee-Plaintiff.*

June 29, 2018

Court of Appeals Case No.
17A-CR-3015

Appeal from the Dearborn
Superior Court

The Honorable Jonathan N.
Cleary, Judge

Trial Court Cause No.
15D01-1705-F4-17

**Bradford, Judge.**

# Case Summary

In May of 2017, Corey Roberts and another person set fire to two vending machines in front of a Dillsboro liquor store, which was in a building that also contained an occupied apartment. The fire also damaged the building, causing over $5000 in damages altogether. The State charged Roberts with four felonies, and he ultimately pled guilty to Level 4 felony arson in exchange for the State dismissing the other three counts. The trial court sentenced Roberts to nine years of incarceration, with two suspended to probation. Roberts contends that his sentence is inappropriately harsh. Because we disagree, we affirm.

# Facts and Procedural History

In the early morning hours on May 25, 2017, there was a fire investigation at J&J Liquors in Dillsboro, which is attached to a storage facility and has an upstairs apartment, where James and Jewel Walston, the original owners of the store, resided at the time. Two soft drink vending machines were on fire, and the fire also damaged the eaves of the porch that overhangs the entrance of the store. Three fire trucks responded to the fire, which was extinguished. Each vending machine had sparklers set in the dispensing area. There was a third vending machine, which was undamaged, with remnants of burnt sparklers. Dillsboro Deputy Town Marshal Josh Cady recognized two suspects from surveillance video, Roberts and Cody Holland. In fact, the duo had posted live video of the fire on Facebook. The police interviewed Roberts and Holland,

who admitted that they had set the vending machines on fire. When asked why they had done it, Roberts said that he liked seeing the fire trucks come.

[3] On May 30, 2017, the State charged Roberts with Level 4 felony arson with property loss of over $5000, Level 4 felony arson on a dwelling of another person, Level 4 felony arson under circumstances that endanger human life, and Level 4 felony conspiracy to commit arson. On September 25, 2017, Roberts pled guilty to Level 4 felony arson with property loss of over $5000.

[4] On November 6, 2017, Roberts testified at sentencing that he had his GED and had been employed prior to incarceration. Roberts testified that he would be able to reside with his cousin Jennifer Negley if he were released, which Negley confirmed. Roberts agreed to pay restitution. Roberts further testified that he had no criminal history other than the instant case, was drunk at the time of the incident, did not know that anyone was living there, had started drinking more after his young son passed away due to illness in 2016, had anxiety and depression issues, and felt remorse.

[5] The trial court considered as mitigating the fact that Roberts had no criminal history, pled guilty, and expressed remorse. The trial court also considered Roberts's mental health and his willingness to pay restitution. The trial court considered as aggravating circumstances the nature of the offense and the fact that Roberts and his companion live-streamed the events on Facebook while cursing and making mocking comments about the crime. The trial court further considered the potential for harm both to the couple living upstairs from the

liquor store and to the first responders. The trial court sentenced Roberts to nine years of incarceration with two years suspended to probation.

# Discussion and Decision

[6] Roberts contends that his nine-year sentence, with two suspended to probation, for Level 4 felony arson is inappropriately harsh. We "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "Although appellate review of sentences must give due consideration to the trial court's sentence because of the special expertise of the trial bench in making sentencing decisions, Appellate Rule 7(B) is an authorization to revise sentences when certain broad conditions are satisfied." *Shouse v. State*, 849 N.E.2d 650, 660 (Ind. Ct. App. 2006), *trans. denied* (citations and quotation marks omitted). "[W]hether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). In addition to the "due consideration" we are required to give to the trial court's sentencing decision, "we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). Indiana Code section 35-50-2-5.5 provides, in part, that "[a] person who commits a Level 4 felony shall be imprisoned for a fixed term of between two (2) and twelve (12) years, with the advisory sentence being six

(6) years." So, Roberts's seven-year, executed sentence represents a small enhancement over the advisory for his crime.

[7]     First, the nature of the offense is that Roberts and his companion set two vending machines on fire. Not unexpectedly, given the machines' location underneath a wooden overhang, the fire spread to the eaves of the porch that overhangs the entrance of J&J Liquors. There is an apartment upstairs, in which the Walstons resided at the time of the fire. Roberts's actions put the Walstons at great risk. Roberts's claim that he did not know that anyone lived there is undercut somewhat by the fact that all he would have had to do was look up to see the apartment above the store. Moreover, Roberts admitted to starting the fire because he wanted to see the fire trucks respond. In addition, Roberts and Holland broadcast video of their crimes on Facebook, and, as the trial court stated, they were cursing and making mocking comments about the crime on the video. The nature of the crime and the events surrounding it do not establish that Roberts's slightly enhanced sentence is inappropriate.

[8]     As for Roberts's character goes, we cannot say that his guilty plea necessarily speaks well of it considering the substantial benefit he received, namely the three Level 4 felony charges that were dropped in exchange for the plea. Moreover, the positive impact of Roberts's lack of a criminal record prior to the instant crimes is somewhat diluted by the Facebook video, in which Roberts and Holland talk about other committing criminal acts, namely slashing multiple tires. In other words, it appears that Roberts had committed at least some other crimes before the instant crime but had just not been caught or

punished. Also, while it is commendable that Roberts agreed to pay restitution to the victim of the dismissed theft count, this has not yet occurred. Roberts has family support, a GED, and potential employment upon release, which is all well and good, but none of this changes the fact that Roberts committed a crime that destroyed properly, put lives at risk, and was motivated by nothing more than a desire to see the fire trucks respond. In other words, Roberts put other lives at risk to entertain himself. Roberts has failed to establish that his sentence is inappropriate in light of the nature of his offense and his character.

[9] We affirm the judgment of the trial court.

Baker, J., and Kirsch, J., concur.